Jacob Markowitz, J.
Plaintiff applies for an order pursuant to CPLB 3212 granting partial summary judgment in the first cause of action instituted against defendant Eastern Can Co., Inc. (hereinafter referred to as “Eastern”) and defendant Chemical Bank New York Trust Company (hereinafter referred to as “ Chemical”), the transfer agent for Eastern, and for corollary relief.
Although the present motion is addressed solely to the first cause of action in the complaint, each of the four causes of action is a virtually inseparable part of the pleadings as a whole, the essence of which emerges as a deep-rooted albeit recent estrangement of plaintiff son and defendant father. Not only does this unfortunate breach in their hitherto close relationship create emotional overtones, as was evident in the oral argument on May 21, 1965, but it serves as the crucial issue in each of the several parts of this action.
The essential general background facts are not in dispute. Defendant Eastern was founded some 40 years ago by defendant George Doliner who, prior to March, 1961, had acquired all the issued and outstanding stock of the company. From time to time, George Doliner distributed as tax free gifts a portion of these stocks to his children and grandchildren; the stock held by plaintiff is the result of such a gift.
In early 1961, Eastern decided to offer a part of its .stock for sale to the public and thus became subject to the registration requirements of the Securities Act of 1933 (U. S. Code, tit. 15, § 77a et seq.). The registration statement filed with the Securities and Exchange Commission, effective March 15, 1961, dis *557 closes that Eastern had an authorized total of 2,500,000 shares of Class A and Class B stock at $1.00 par value. Only approximately 230,000 shares of Class A stock are registered with the commission and are listed for trading on the American Stock Exchange. None of the Class B stock is registered, a prerequisite for sale to the public.
On the basis of the company’s restated corporate certificate, Eastern in 1961, issued new stock for that previously held, and 47,750 shares of Class B stock were issued to plaintiff. These stocks were neither registered nor exempted pursuant to the Securities Act of 1933.
A restricted conversion privilege exists with respect to Class B stock. On March 18, 1964, Eastern, pursuant to plaintiff’s request therefor, converted 35,813 shares of plaintiff’s Class B stock to "Class A stock by receiving the Class B stock from plaintiff, retiring those shares and issuing a like amount of Class A stock to him. An appropriate certificate of ownership was forwarded to plaintiff.
Contemporaneous with the aforesaid conversion, counsel for Eastern, also a defendant in this lawsuit, wrote to plaintiff: “ Since the Class A shares are trading on the American Stock Exchange and your interest in such shares has never been registered with the Securities and Exchange Commission, it is suggested that before you attempt the sale of any such shares, you either contact me or a lawyer familiar with Securities and Exchange Commission practice to ascertain whether such shares are exempt from registration and, therefore, free to be sold or otherwise disposed of.”
At the same time, Eastern, by counsel, wrote to Chemical to withhold transfer of the subject stocks “ since these shares are not registered under the Securities Act of 1933 and, at the present time, in the opinion of the writer, are not exempt from registration. ’ ’
Counsel for plaintiff, thereafter, requested and received a “no-action” letter from the Chief Counsel, Division of Corporation Finance, which communication stated, in pertinent part: 1 ‘ On the basis of the facts presented, this Division would not recommend any action to the Commission if the shares in question were sold or hypothecated by Boy Doliner without compliance with the registration provisions of the Securities Act of 1933 in reliance upon your opinion that such sale or hypothecation is exempt therefrom.” (Emphasis supplied.)
Plaintiff forwarded a copy of the letter to Chemical, and shortly thereafter, in mid-'September 1964, plaintiff requested *558 that the shares be transferred to the name of Steiner Rouse & Co.
Chemical sought explicit authorization from Eastern with regard to the requested transfer, which shares remained the subject of a stop order from Eastern. Eastern, by counsel, took the position, and so wrote to pounsel for plaintiff, that “ [bjefore this office can pass upon the basis of your opinion (that 1 the sale or hypothecation of [the subject] shares was exempt from the registration provisions of the Securities Act of 1933 ’), please furnish us with legible photostatic copies of all correspondence between your office and the Securities and Exchange Commission relating to the subject.”
Plaintiff refused to accede to this condition precedent, adhering to his conviction that the no-action letter constituted, under the circumstances, the sole predicate for transfer.
Each side has remained adamant in its position.
As a result, plaintiff instituted the present lawsuit. The first cause of action invokes the judicial power to compel Eastern through Chemical to transfer the subject shares pursuant to plaintiff’s instructions. Encompassed within this first cause of action is a demand for damages flowing from Eastern’s alleged unlawful interference with plaintiff’s property rights.
The underlying gravamen of the aforesaid first cause of action as well as of each of the other three causes of action is plaintiff’s allegation that the corporation’s allegedly unlawful actions represent the manifestation of defendant George Doliner’s intent to deprive plaintiff, “ a writer without .regular income ” of financial means with which to support himself and his wife. Plaintiff avers, and defendant George Doliner does not deny, that a serious estrangement between father and son took place as a result of the son’s marriage to a young lady who “is Burmese and not of the Jewish faith.”
Defendants contend that the refusal to transfer the subject shares represents the exercise of duty to protect the corporation and George Doliner from possible criminal prosecution and/or civil liability under the provisions of the Securities Act of 1933.
Section 24 of the Securities Act of 1933 (IT. S. Code, tit. 15, § 77x) provides, in pertinent part, that 1 ‘ any person who willfully violates any of the provisions of this title * * * shall upon conviction be fined not more than $5,000 or imprisoned not more than five years, or both ”, and section 12 (U. S. Code, tit. 15, § 771) prescribes civil liability for a violation.
Unless exempted pursuant to section 4 of the Securities- Act of 1933 (U. S. Code, tit. 15, § 77d), transfer of unregistered *559 stock would violate section 5 (TJ. S. Code, tit. 15, § 77e), the registration section of the Act. In pertinent part, section 4, ‘ ‘ Exempted transactions, ’ ’ exempts ‘ ‘ transactions hy any person other than an issuer, underwriter, or dealer ” from the otherwise mandatory registration provisions of the Act. The term “issuer” comprehends “in addition to an issuer, any person directly or indirectly controlling or controlled by the issuer, or any person under direct or indirect common control with the issuer ” (Securities Act of 1933, § 2, subd. [11]; U. S. Code, tit. 15, § 77b, subd. [11]).
It would thus appear, that absent the breach in the filial relationship as demonstrated in the papers submitted to the court, the proposed transfer of unregistered stock would not fall within the purview of an “ exempted transaction ”, and it is not certain that the corporation or others would be immune from civil and/or criminal sanctions.
It must be stressed that the no-action letter is but an advisory ruling. It is not legally binding upon the Commission, nor does it foreclose the initiation of proceedings to enforce the penalties and liabilities prescribed by the Securities Act of 1933. (See Federal Crop Ins. Corp. v. Merrill, 332 U. S. 380 [1947]; Newman, Should Official Advice be Reliable? — Proposals as to Estoppel and Related Doctrines in Administrative Law, 53 Col. L. Rev. 374.)
The first cause of action seeks damages in addition to a direction of transfer of the subject stock. As to the damage aspect, it cannot be said, as- a matter of law, that the defendants acted unreasonably in refusing to participate in the subject transfer upon the basis of the no-action letter alone. The question of reasonableness and damages is comprehended by and appears to be an integral part of the all-pervasive allegations of intentional interference with plaintiff’s property rights and should abide the trial of this latter all-inclusive issue.
Defendants have, on the other hand, failed to demonstrate that, upon the basis of the papers presently before the court, summary judgment directing defendants Eastern and Chemical to transfer at this time the subject stocks as requested by plaintiff, should not be granted. (See as to the court’s authority, Securities Act of 1933, § 22; U. S. Code, tit. 15, § 77v.) Accordingly, partial summary judgment to this extent is granted and transfer is directed forthwith.